ECF CASE

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

**J & J SPORTS PRODUCTIONS, INC.,** as
Broadcast Licensee of the **May 5, 2007**
**DeLaHoya/Mayweather** Program,                              **COMPLAINT**

                              Plaintiff,                    Civil Action No. 07-CV-08419

   -against-

NELLY OLMEDO BUCHELI, Individually, and
as officer, director, shareholder and/or principal of
OLMEDO OLMEDO INC. d/b/a MOJITAS BAR
& GRILL a/k/a MOJITAS LOUNGE
RESTAURANT a/k/a MOJITAS,

and

OLMEDO OLMEDO INC. d/b/a MOJITAS BAR
& GRILL a/k/a MOJITAS LOUNGE
RESTAURANT a/k/a MOJITAS,

                              Defendants.
----------------------------------------------------------

        Plaintiff, **J & J SPORTS PRODUCTIONS, INC.,** (hereinafter "Plaintiff"), by their

attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets

forth and alleges, upon information and belief, as follows:


                        **JURISDICTION AND VENUE**

   1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

   2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C.

-1-

Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3.   Upon information and belief, venue is proper in this court because, <u>inter alia,</u> all defendants reside within the State of New York  (28 U.S.C. § 1391(b) and   28 U.S.C. §112(b)).

4.   This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length.  The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the State of New York.

### THE PARTIES

5.   The plaintiff is a California corporation with  its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

6.   Upon information and belief the defendant, NELLY OLMEDO BUCHELI, resides at 6343 Austin Street, Apt. 2D, Rego Park, New York   11374**.**

7.   Upon information and belief the defendant, NELLY OLMEDO BUCHELI, is  the principal of OLMEDO OLMEDO INC. d/b/a MOJITAS BAR & GRILL a/k/a MOJITAS LOUNGE RESTAURANT a/k/a MOJITAS, of that she is doing business as OLMEDO OLMEDO INC. d/b/a MOJITAS BAR & GRILL a/k/a MOJITAS LOUNGE RESTAURANT a/k/a MOJITAS.

8.   Upon information and belief the defendant, NELLY OLMEDO BUCHELI, was the individual with supervisory capacity and control over the activities occurring within the establishment on May 5, 2007.

-2-

9.  Upon information and belief the defendant, NELLY OLMEDO BUCHELI, received a financial benefit from the operations of OLMEDO OLMEDO INC. d/b/a MOJITAS BAR & GRILL a/k/a MOJITAS LOUNGE RESTAURANT a/k/a MOJITAS, on May 5, 2007.

10. Upon information and belief, the defendant, OLMEDO OLMEDO INC. d/b/a MOJITAS BAR & GRILL a/k/a MOJITAS LOUNGE RESTAURANT a/k/a MOJITAS, is a business entity, the exact nature of which is unknown, having its principal place of business at 227 East 116th Street, New York, New York    10029-1455.

11. Upon information and belief, the defendant, OLMEDO OLMEDO INC. d/b/a MOJITAS BAR & GRILL a/k/a MOJITAS LOUNGE RESTAURANT a/k/a MOJITAS, is a Domestic Corporation, incorporated and licensed to do business in the  State of New York.

12. Upon information and belief, the defendant, OLMEDO OLMEDO INC. d/b/a MOJITAS BAR & GRILL a/k/a MOJITAS LOUNGE RESTAURANT a/k/a MOJITAS, is a partnership licensed to do business in the State of New York.

13. Upon information and belief, the defendant, OLMEDO OLMEDO INC. d/b/a MOJITAS BAR & GRILL a/k/a MOJITAS LOUNGE RESTAURANT a/k/a MOJITAS, is a sole proprietorship licensed to do business in the State of New York.


## COUNT I

14.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "13", inclusive, as though set forth herein at length.

15.  By contract, plaintiff was granted the right to distribute the **DeLaHoya/Mayweather** program (this includes all undercard bouts and the entire television broadcast) scheduled for **May**

**5, 2007** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

16. Pursuant to the contract, plaintiff entered into subsequent agreements with various entities in the State of New York, allowing them to publicly exhibit the Program to their patrons.

17. Plaintiff expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of New York, which in turn, entered into agreements with plaintiff to exhibit the Program to their patrons.

18. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

19. Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used a device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing programing. Splicing an additional coaxial cable line or redirecting a wireless signal, from an adjacent residence, into a business establishment, commercial misuse of cable or satellite by registering same as a residence when it is in fact, a business or taking a lawfully obtained box or satellite receiver from a private residence and into a business. Each of these methods would allow Defendants to access programming unlawfully. * In addition, emerging technologies, such as

broadband or internet broadcast as well as "slingbox" technology, which allows a consumer to literally sling programing from their personal home cable or satellite systems and into their computers, can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. While Plaintiff is unable to determine  the manner in which Defendants obtained the programing, it is logical to conclude that Defendants must have either used an illegal satellite receiver, misrepresented their business establishment as a residence or engaged in "mirroring" by taking a legitimate receiver from their home to their business establishment in order to  intercept  Plaintiff's broadcast.

20.  47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

21.  By reason of the aforementioned conduct, the aforementioned defendants willfully violated  47 U.S.C. §605 (a).

22.  By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff has a private right of action pursuant to 47 U.S.C. §605.

23.  As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff is entitled to damages in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

24.  Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.


## COUNT II

25.  Plaintiff hereby incorporates paragraphs "1" through "24", inclusive, as though fully

set forth herein.

26.  Upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

27.  47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff had the distribution rights thereto, or is intended for any other activity prohibited under 47 U.S.C. §605 (a) .

28.  By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff has a private right of action pursuant to 47 U.S.C. §605.

29.  As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff is entitled to damages  in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

30.  Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.


## COUNT III

31.  Plaintiff hereby incorporates paragraphs "1" through "30", inclusive, as though fully set forth herein at length.

-6-

32.   Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

33.   47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff had the distribution rights thereto.

34.   Upon information and belief, the defendants individually, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

35.   By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

36.   As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount in the discretion of this Court, of up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

WHEREFORE, the plaintiff requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a)   Declare that defendant's unauthorized exhibition of the **May 5, 2007 DeLaHoya/Mayweather Program,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain**.**

(b)   On the first cause of action, statutory penalties  in an amount  in the discretion

-7-

of this Court, of up to $110,000.00 as to each defendant for their willful violation of

47 U.S.C. §605 (a);

(c) On the second cause of action, statutory penalties in an amount in the discretion

of this Court, of up to $100,000.00 as to each defendant for their violation of 47

U.S.C. §605 (e)(4);

(d) On the third cause of action, statutory penalties in an amount in the discretion of

this Court, of up to $60,000.00 as to each defendant for their violation of 47 U.S.C.

§553;

(e) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S.

C. § 605 (e) (3) (B) (iii) and §553 (c) (2)(C), together with such other and further

relief as this Court may deem just and proper.

Dated: September 24, 2007
        Ellenville, New York

**J & J SPORTS PRODUCTIONS, INC.**

By: /s/Julie Cohen Lonstein
            JULIE COHEN LONSTEIN, ESQ.
            Attorney for Plaintiff
            Bar Roll No. JL8521
            LONSTEIN LAW OFFICE, P.C.
            Office and P.O. Address
            1 Terrace Hill : P.O. Box 351
            Ellenville, NY  12428
            Telephone:  (845) 647-8500
            Facsimile:  (845) 647-6277
            Email: Info@signallaw.com
            *Our File No.  07-4-S03*